UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PADMA PONUGOTI, M.D.,       ) | |
|       ) | |
| Plaintiff,       ) | |
|       ) | Case No.  1:19-cv-4517 |
| v.       ) | |
|       ) | |
| ANDREW S. FARBER, M.D.,       ) | |
|       ) | |
| Defendant.       ) | |

## COMPLAINT

Padma Ponugoti, M.D. ("Plaintiff") brings this action under the Employee Retirement Income Security act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"), against Defendant Andrew Farber, M.D. ("Defendant").

## I.    PARTIES

1.      Plaintiff is, and at all times since 2008 has been, a participant in the Indiana Eye Specialists, LLC Retirement Plan ("Plan").

2.      Plaintiff is, and at all times since 2008 has been, named as a co-trustee of the Plan in the governing Plan document.

3.      The Plan is maintained by Indiana Eye Specialists, LLC ("IES") for its eligible employees.

4.      IES is an Indiana limited liability company, the principal office of which is located in Terre Haute, Indiana.

5.     Defendant is, and at all times since 2008 has been, plan administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A).

6.     Defendant is, and at all times since 2008 has been, named as co-trustee of the Plan in the governing Plan document.

7.     Defendant has, at all times since 2008 has been, acted as if he were the sole trustee of the Plan.

8.     The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. § 1002(2)(A) and is subject to the fiduciary and other requirements set out in Title I of ERISA, 29 U.S.C. § 1001 *et seq.*

9.     In acting as trustee and/or plan administrator, Defendant is a plan fiduciary within the meaning of 29 U.S.C. § 1002(21)(A).

## II.     JURISDICTION AND VENUE

10.     This is an action pursuant to 29 U.S.C. § 1132(a)(2) for appropriate relief under 29 U.S.C. § 1109, pursuant to 29 U.S.C. § 1132(a)(3) for appropriate injunctive and other relief, and pursuant to 29 U.S.C. § 1132(a)(1)(A) for relief under 29 U.S.C. § 1132(c).

11.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. § 1331.

12.     This Court has personal jurisdiction over the parties subject to 29 U.S.C. § 1132(e) and (f), and Fed. R. Civ. P. 4(k).

13.     Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2), because the Plan has been administered in this District, some or all of the breaches for which relief is sought occurred in this District, and Defendant resides in or can be found in this District.

14.     Plaintiff, as a Plan participant and/or fiduciary, has standing to bring this action pursuant to 29 U.S.C. § 1132(a)(2), which provides that participants and/or fiduciaries may bring a civil action for monetary and other appropriate relief under Section 409 of ERISA, 29 U.S.C. § 1109.

15.     Plaintiff, as a Plan participant and/or fiduciary, has standing to bring this action under 29 U.S.C. § 1132(a)(3), to enjoin any act that violates any provision of Title I of ERISA and/or to obtain other appropriate relief, to redress any violation of Title I of ERISA, or to enforce any provision of such Title.

16.     Plaintiff, as a Plan participant, has standing to bring this action under 29 U.S.C. § 1132(a)(1)(A) for relief under 29 U.S.C. § 1132(c).

### III.     NATURE OF THE CASE

17.     The Plan is a "defined contribution plan" within the meaning of 29 U.S.C. § 1002(34).  Such plans establish an individual account for each participant, and the participant's plan benefits are based solely on the amounts contributed to that account and any income, expenses, gains and losses, and forfeitures of the accounts of other participants allocated to that account.  *Id.*  Thus, to the extent that plan assets are poorly invested, each participant suffers a loss of retirement benefits.

18.     ERISA requires that a fiduciary discharge his or her duties with respect to a plan "solely in the interest of participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1).  These fiduciary duties are the highest known to the law.  *Connelly Mgmt. Employee Welfare Benefit Plan v. N. Am. Indem., N.V.*, No. 1:07-CV-0540-LJM-JMS,

2008 WL 1336085, at *10 (S.D. Ind. Apr. 8, 2008) (internal quotations omitted); 29 U.S.C. § 1104(a).

19.     Defendant has breached his fiduciary duties.

20.     By way of example, Defendant has invested Plan assets in individual securities and engaged in excessive trading of those securities, with hundreds of individual trades annually (over 1,000 in some years).  As a result, participant benefits under the Plan are substantially lower than they would have been had the Defendant invested those accounts in low-cost index funds or other appropriate investments.

21.     Defendant has also acted as if he were sole trustee of the Plan in violation of the Plan document and ERISA by setting up trading accounts for Plan investments over which he exercises sole control, precluding Plaintiff from having any voice in the investment of Plan assets, and refusing to provide a complete accounting of Plan investments.

22.     Defendant has also breached his fiduciary duties as Plan administrator by failing to provide required participant notices and documents, including summary plan descriptions and reports required by 29 U.S.C. § 1025.

23.     Plaintiff brings this action to remedy these and other breaches by the Defendant of his fiduciary duties, prevent further mismanagement of the Plan, and obtain equitable and other relief as provided by ERISA.

### IV.     ADDITIONAL ALLEGATIONS

24.     Plaintiff and Defendant each own 50% of the membership interests in IES.

25.     Defendant is, and at all relevant times has been, the Managing Member of IES.

26.     The governing Plan document consists of an Adoption Agreement and a base plan document, labeled Volume Submitter Plan (hereafter "VSP").  A true and accurate copy of the

Adoption Agreement is attached as Exhibit A. A true and accurate copy of the VSP is attached as Exhibit B. Unless otherwise noted, these documents are collectively referred to as the "Plan."[1]

27.     The Plan covers eligible employees, as defined in the Adoption Agreement and VSP.

28.     The Plan is a profit-sharing plan pursuant to which IES makes discretionary contributions each year on behalf of eligible employees. AA at 8 ¶ 27.

29.     Under the terms of the Plan, Defendant and Plaintiff are named co-trustees, while Defendant is named as the sole Plan administrator. AA at 2-3.

30.     Plaintiff and Defendant are Plan participants within the meaning of 29 U.S.C. § 1002(7).

31.     As Plan administrator and/or trustee, Defendant exercises authority and control over the management and operation of the Plan, including the investment of Plan assets, making Defendant a fiduciary under 29 U.S.C. § 1002(21)(A).

32.     At all relevant times, Defendant has unilaterally exercised authority and responsibility for investing, managing, and controlling Plan assets.

33.     Defendant is responsible for managing the investments of the Plan "for the exclusive benefit" of the participants and their beneficiaries. VSP at 14; 29 U.S.C. § 1104(a)(1).

34.     Defendant has invested Plan assets in individual securities and has engaged in thousands of trades of those securities, incurring excess trading fees and depriving participants of a reasonable rate of return on amounts contributed on their behalf to the Plan.

35.     Defendant's investment in individual securities and his excessive trading are imprudent, reckless, and wasteful. Defendant's investment activities have materially harmed

---

[1] Specific provisions of the Adoption Agreement are hereinafter cited as "AA."

participants and beneficiaries and, if continued in the future, would compound the harm already done.

36.     As a result of Defendant's actions, total participants account values are substantially less than they would have been had they been prudently invested.

## ERISA FIDUCIARY DUTIES

37.     ERISA imposes strict duties of prudence and loyalty on Defendant as a fiduciary of the Plan.  In relevant part, 29 U.S.C. § 1104(a)(1) states:

> [A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—
>     (A)     for the exclusive purpose of:
>         (i)     providing benefits to participants and their beneficiaries; and
>         (ii)     defraying reasonable expenses of administering the plan;
>     (B)     with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims[.]

38.     These fiduciary duties are the highest known to the law.  *Connelly Mgmt. Employee Welfare Benefit Plan v. N. Am. Indem., N.V.*, No. 1:07-CV-0540-LJM-JMS, 2008 WL 1336085, at *10 (S.D. Ind. Apr. 8, 2008) (internal quotations omitted).

### Duty of Loyalty

39.     The duty of loyalty requires fiduciaries to act with an "eye single" to the interests of plan participants. *Pegram v. Herdrich*, 530 U.S. 211, 235 (2000). "Perhaps the most fundamental duty of a [fiduciary] is that he [or she] must display . . . complete loyalty to the interests of the beneficiary and must exclude all selfish interest and all consideration of the interests of third persons." *Id.* at 224 (quotation marks and citations omitted). Thus, "in deciding whether and to what extent to invest in a particular investment, a fiduciary must ordinarily consider only factors relating to the interests of plan participants and beneficiaries . . .   A

decision to make an investment may not be influenced by [other] factors unless the investment, when judged solely on the basis of its economic value to the plan, would be equal or superior to alternative investments available to the plan." Dep't of Labor ERISA Adv. Op. 88- 16A, 1988 WL 222716, at *3 (Dec. 19, 1988) (emphasis added).

## Duty of Prudence

40.     ERISA requires that a fiduciary act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.   29 U.S.C. § 1104(a)(1)(B).   To satisfy this standard, a fiduciary must thoroughly familiarize himself or herself with the matter being undertaking or seek professional advice as part of the procedure to make a prudent decision. *Katsaros v. Cody,* 744 F.2d 270, 279 (2nd Cir. 1984).

41.     Fiduciaries are required to select only prudent investments for an employee individual account plan. *Howell v. Motorola, Inc.*, 633 F.3d 552, 567 (7th Cir.2011).

## Duty to Follow Plan Documents

42.     ERISA requires that fiduciaries act in accordance with the Plan documents insofar as such documents are consistent with the provisions of Titles I and IV thereof.   29 U.S.C. § 1104(a)(1)(D).

## V.     CAUSES OF ACTION

### Count One: Claim for Appropriate Relief under 29 U.S.C § 1132(a)(2)

43.     Plaintiff adopts and incorporates by reference the averments and allegations of paragraphs 1 through 42 inclusive as though fully set forth.

44.     At all times relevant, Defendant was a fiduciary of the Plan because he exercised authority or control respecting management and disposition of Plan assets.

45.     Defendant is directly responsible for selecting prudent investments, evaluating and monitoring those investments on an ongoing basis, eliminating inappropriate investments, and taking all necessary steps to ensure that the Plan's assets are invested prudently.

46.     Defendant has violated his fiduciary duties to the Plan under 29 U.S.C. § 1104(a)(1) by, among other things, recklessly and imprudently investing Plan assets and engaging in excessive trading of those assets, causing substantial losses to participants.

47.     29 U.S.C. § 1109(a) provides that "any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to the plan any profits of such fiduciary which have been made through use of assets by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary."

48.     Plaintiff brings this action against Defendant pursuant to 29 U.S.C. § 1132(a)(2) for appropriate relief under 29 U.S.C. §1109, including but not limited to restoration of all losses to participant accounts resulting from Defendant's fiduciary breaches, restoration of any profits made by fiduciary through the use of Plan assets, and removal of Defendant as Plan administrator and co-trustee.

**Count Two: Claim for Appropriate Relief under 29 U.S.C § 1132(a)(3)**

49.     Plaintiff adopts and incorporates by reference the averments and allegations of paragraphs 1 through 48 inclusive as though fully set forth.

50.     Plaintiff brings this action against Defendant pursuant to 29 U.S.C. § 1132(a)(2), which provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

51.     Defendant has violated the terms of the Plan and ERISA by taking control of Plan assets and precluding Plaintiff from serving as co-trustee.

52.     Defendant has violated ERISA by refusing to provide a complete accounting of his investment of Plan assets to Plaintiff.

53.     Defendant has violated his duties as Plan administrator by failing to provide required notices and documents, including summary plan descriptions, to participants.

54.     Plaintiff brings this action against Defendant pursuant to 29 U.S.C. § 1132(a)(3) for appropriate relief, including but not limited to removing the Defendant as trustee and Plan administrator; requiring Defendant to provide a full accounting of all Plan investment activities, Plan expenses, and other activities of Plan investment or administration from January 1, 2008, to the present; requiring Defendant to take such other action as may be necessary to restore Plan participants to the position in which they would have been had Defendant not breached his fiduciary duties under ERISA; and such other relief as the Court deems appropriate.

**Count Three: Claim for Relief under 29 U.S.C § 1132(a)(1)(A)**

55.     Plaintiff adopts and incorporates by reference the averments and allegations of paragraphs 1 through 54 inclusive as though fully set forth.

56.     29 U.S.C. §1052(a)(1) requires plan administrators to distribute pension benefit statements to participants annually.

57.    29 U.S.C. § 1132(c) imposes a significant penalty on plan administrators who fails to provide such notices.

58.    Defendant has failed to provide the required notices, and he has failed to respond to other requests for information, entitling Participant to penalties under 29 U.S.C § 1132(c).

59.    29 U.S.C. § 1132(a)(1)(A) provides that a participant or beneficiary may bring a civil action for the relief provided for under 29 U.S.C. § 1132(c).

60.    Plaintiff brings this action against Defendant pursuant to 29 U.S.C. § 1132(a)(1)(A) for the relief provided under 29 U.S.C. § 1132(c).

## VI.    REQUESTED RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    A declaration that Defendant has breached his fiduciary duties as Plan administrator and trustee under ERISA;

B.    An order compelling Defendant to personally make good to the Plan all the losses that the Plan has incurred as a result of the breaches of fiduciary duties described above and to restore the Plan to the position in which it would have been but for Defendant's unlawful conduct;

C.    An order prohibiting Defendant from serving as Plan administrator, trustee, or co-trustee of the Plan.

D.    An order requiring Defendant to provide Plaintiff with a full accounting of all Plan investment activities, plan expenses, and other activities of Plan investment or administration from January 1, 2008, to the present;

E.    An order requiring Defendant to disgorge all revenues received from, or in respect of, the Plan;

F.    An order requiring the payment of all penalties owed to Plaintiff under 29 U.S.C. § 1132(c).

G.    Other equitable relief to redress Defendant's unlawful practices and to enforce the provisions of ERISA, as may be appropriate;

H.    An award of pre-judgment interest;

I.    An award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g);

J.      An award of such other and further relief as the Court deems equitable and just.

Dated: November 8, 2019                          Respectfully submitted,

                                                 ICE MILLER LLP


                                                 /s/ *Andrew J. Miroff*
                                                 Andrew J. Miroff (Atty. No. 21749-49)
                                                 Alexandria H. Pittman (Atty. No. 34045-49)
                                                 ICE MILLER LLP
                                                 One American Square
                                                 Suite 2900
                                                 Indianapolis, IN  46282-0200
                                                 (317) 236-2100
                                                 Fax: (317) 236-2219
                                                 Drew.Miroff@icemiller.com
                                                 Alex.Pittman@icemiller.com

                                                 Counsel for Plaintiff

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100


I\14841065.4